# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | SAMUEL DER-YEGHIAYAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5244 | **DATE** | August 25, 2011 |
| **CASE TITLE** | Otis Jordan (#N-60672) vs. Lieutenant Kirk, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#4] is denied as moot. The court dismissed this case by Minute Order of August 4, 2011; in any event, the plaintiff is ineligible to proceed *in forma pauperis* because he has "struck out" pursuant to 28 U.S.C. § 1915(g) and this case does not involve imminent danger of serious physical injury.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that an officer at the Stateville Correctional Center wrongfully tried to seize his crutches in 2010, and that grievance officials failed to punish the officer in question. By Minute Order of August 4, 2011, the court summarily dismissed this case on preliminary review pursuant to 28 U.S.C. § 1915A; however, the court failed to address the filing fee, as required by 28 U.S.C. § 1915(b).

The plaintiff's motion for leave to proceed *in forma pauperis* is denied, as he is barred from proceeding without prepaying the full statutory filing fee in any civil case. The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Mr. Jordan's previous actions, all of which were filed while he was incarcerated or detained, have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Jordan v. Hulick*, Case No. 08 C 0375 (S.D. Ill.), dismissed by **(CONTINUED)**

mjm

Memorandum Opinion and Order of May 27, 2009 (Murphy, J.); *Jordan v. O'Sullivan*, Case No. 91 C 3231 (C.D. Ill.), dismissed by Order of February 5, 1992 (Mills, J.); and *Jordan v. Dillon*, Case No. 90 C 1316 (C.D. Ill.). *See* Orders of April 18, 1991, and April 25, 1991 (Mihm, J.).

Numerous courts have considered the retroactive application of § 1915(g) on civil actions filed by prisoners. The courts have uniformly held that pre-PLRA dismissals should be counted as "strikes." *See Lucien v. Jockisch*, 133 F.3d 464, 469 (7th Cir. 1998); *Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996); *Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996).

The plaintiff's current complaint does not involve imminent danger of serious physical injury. Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee.

For the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* is denied. However, having brought this action, the plaintiff nevertheless remains obligated to pay the full filing fee. *See* 28 U.S.C. §1915(b)(1); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Before pursuing any future litigation, the plaintiff must pay any outstanding fees.