# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | SAMUEL DER-YEGHIAYAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5244 | **DATE** | September 30, 2011 |
| **CASE TITLE** | Otis Jordan (#N-60672) vs. Lieutenant Kirk, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to amend motion [#7] is granted. However, the plaintiff's motion to recall strike [#6] is denied. The clerk is directed to re-mail the plaintiff a copy of the court's Minute Order of August 4, 2011.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that an officer at the Stateville Correctional Center wrongfully tried to seize his crutches in 2010, and that grievance officials failed to punish the officer in question.

By Minute Order of August 4, 2011, the court summarily dismissed this case on preliminary review pursuant to 28 U.S.C. § 1915A. On August 25, 2011, the court denied the plaintiff's motion for leave to proceed *in forma pauperis*, finding that the plaintiff had "struck out" 28 U.S.C. § 1915(g).

The clerk is directed to mail the plaintiff another copy of the dismissal order, which the plaintiff says he did not receive. However, both the dismissal of this case and the denial of leave to proceed *in forma pauperis* stand.

The court remains satisfied that summary dismissal of the complaint on initial review was proper. The denial of crutches for twenty minutes simply did not rise to the level of a constitutional violation. There is an ancient maxim, *de minimis non curat lex*, "the law cares not for trifles." *Ehrlich v. Mantzke*, No. 01 C 7449, 2002 WL 265177, *4 (N.D. Ill. Feb. 25, 2002) (Kocoras, J.).

Furthermore, the court discerns no reason to question whether the plaintiff has struck out under 28 U.S.C. § 1915(g). As noted in the court's Minute Order of August 25, 2011, numerous courts have considered the **(CONTINUED)**



mjm

**STATEMENT (continued)**

retroactive application of § 1915(g) on civil actions filed by prisoners. The courts have uniformly held that pre-PLRA dismissals should be counted as "strikes." *See Lucien v. Jockisch,* 133 F.3d 464, 469 (7th Cir. 1998); *Tierney v. Kupers,* 128 F.3d 1310 (9th Cir. 1997); *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996); *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996); *Green v. Nottingham,* 90 F.3d 415 (10th Cir. 1996). A consequence of bringing multiple frivolous lawsuits is the inability to proceed *in forma pauperis* in the absence of imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). The plaintiff's "ex post facto" argument is without merit.

For the foregoing reasons, the case remains closed, and i.f.p. remains denied.